UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-1816(DSD/JSM)

William Jaworski, d/b/a Great
Northern Engineering,

        Plaintiff,

v.                                                      **ORDER**

Rollupspacovers, Roll-it Spa
Covers, Creative Innovations
LLC, a Nevada limited liability
company, Cal-X Fun Spas, Inc.,
a California corporation, and
Howard R. Larsen,

        Defendants.

      Kathryn K. Smith, Esq., Michael S. Sherrill, Esq. and
      Sherrill Law Offices, PLLC, 4756 Banning Avenue, Suite
      212, White Bear Lake, MN 55110, counsel for plaintiff.

      Scott M. Flaherty, Esq., Gerald E. Helget, Esq. and
      Briggs and Morgan, P.A., 80 South Eighth Street, Suite
      2200, Minneapolis, MN 55402, counsel for defendants.

      This matter is before the court upon the motion to dismiss by

defendants Rollupspacovers, Roll-it Spa Covers, Creative

Innovations LLC, Cal-X Fun Spas, Inc. and Howard R. Larsen.  Based

upon a review of the file, record and proceedings herein, and for

the following reasons, the court grants the motion.

**BACKGROUND**

      This trademark-infringement dispute arises from the sale of

spa covers over the internet.  Since 1980, plaintiff William

Jaworski, d/b/a Great Northern Engineering (Great Northern) has

sold spa and pool covers over the internet and from its retail location in Minneapolis, Minnesota using the trademark "Roll-Up Covers."    See Compl. ¶¶ 11-12, 17.    In January 2011, Rollupspacovers and Roll-it Spa Covers[1] began selling spa covers online using the terms "Rollup Spa Covers," "Rollup Covers" and "Rollupspacovers.com."  Id. ¶ 27.  Great Northern alleges that the use of such marks, including on YouTube and internet webpages, is likely to mislead consumers.  Id. ¶¶ 24-25, 27, 29.

On July 7, 2011, Great Northern sued defendants alleging trademark infringement and unfair competition under the Lanham Act, violation of the Minnesota Deceptive Trade Practices Act, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) and civil conspiracy.  Defendants move to dismiss the RICO, RICO conspiracy and civil conspiracy claims.

**DISCUSSION**

**I.   Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)

---

[1] Larsen is the owner of Rollupspacovers and Roll-it Spa Covers. Compl. ¶ 20.  Larson is also an "owner, shareholder, member, director, and/or officer" of Cal-X Fun Spas, Inc. and Creative Innovations LLC.  Id. ¶ 21.

(quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action are not sufficient to state a claim."  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

## II.  RICO

"RICO provides a private right of action for any person 'injured in his business or property by reason of a violation of' its substantive prohibitions."  Dahlgren v. First Nat'l Bank of Holdrege, 533 F.3d 681, 689 (8th Cir. 2008) (quoting 18 U.S.C. § 1964(c)).  RICO, however, "does not cover all instances of wrongdoing," instead it "is concerned with eradicating organized, long-term, habitual criminal activity."  Crest Const. II, Inc. v. Doe, 660 F.3d 346, 353 (8th Cir. 2011) (citation and internal quotation marks omitted).  To state a § 1962(c) RICO claim, a plaintiff must show "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  Id. (citation and internal quotation marks omitted). Defendants argue that dismissal

is proper, because Great Northern cannot show the existence of an enterprise or pattern of racketeering activity.  The court agrees.

### A.    Enterprise

"A RICO enterprise 'includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  Id. (quoting 18 U.S.C. § 1961(4)).  To show a RICO enterprise, a plaintiff must show: "(1) a common purpose that animates the individuals associated with it; (2) an ongoing organization with members who function as a continuing unit; and (3) an ascertainable structure distinct from the conduct of a pattern of racketeering."  United States v. Lee, 374 F.3d 637, 647 (8th Cir. 2004) (citation omitted).  "[T]he existence of an enterprise is an element distinct from the pattern of racketeering activity and proof of one does not necessarily establish the other."  Crest Const. II, 660 F.3d at 354 (citations and internal quotation marks omitted).

Great Northern argues that the defendants are an association-in-fact enterprise, operating with the common purpose of stealing the goodwill, revenues and trademark of Great Northern.  These acts, however, are not distinct from the acts underlying plaintiff's claimed pattern of racketeering. See Pl.'s Mem. Opp'n 9 ("The complaint identifies acts which constitute wire fraud, i.e., the unauthorized use of the asserted mark in metadata, urls,

4

websites, and [Y]ou[T]ube ....").  The alleged association-in-fact enterprise has "no structure independent of the alleged racketeering activity."  Stephens, Inc. v. Geldermann, Inc., 962 F.2d 808, 815 (8th Cir. 1992).  Therefore, dismissal of the RICO claim is warranted.

**B.    Pattern of Racketeering Activity**

Dismissal is also warranted because the complaint does not show a pattern of racketeering activity.  "A pattern is shown through two or more related acts of racketeering activity that amount to or pose a threat of continued criminal activity."  Nitro Distrib., Inc. v. Alticor, Inc., 565 F.3d 417, 428 (8th Cir. 2009) (citations and internal quotation marks omitted).  Only the criminal acts listed in 18 U.S.C. § 1961(1) constitute racketeering activity.  See Manion v. Freund, 967 F.2d 1183, 1186 (8th Cir. 1992).  Trademark infringement is not among the crimes listed in § 1961(1).  See Evercrete Corp. v. H-Cap Ltd., 429 F. Supp. 2d 612, 631 (S.D.N.Y. 2006) ("Congress did not intend that every trademark dispute would be brought under RICO.").

The present complaint contains no allegations of a violation of § 1961(1).  Great Northern, however, alleged wire fraud in its response memorandum and added an allegation of mail fraud at oral argument.  The court does not consider allegations outside of the complaint, and this alone warrants dismissal.  See Fed. R. Civ. P. 15(a); Trs. of the St. Paul Elec. Const. Indus. Fringe Benefit

Funds v. Martens Elec. Co., 485 F. Supp. 2d 1063, 1066-67 (D. Minn. 2007).   Moreover, these bare assertions fail to satisfy the pleading standards of Rule 8 and 9.   See Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs. Co., 48 F.3d 1066, 1069 (8th Cir. 1995) (requiring mail and wire fraud to be pleaded with specificity in RICO context).   Therefore, for this additional reason, dismissal of the RICO claim is warranted.

## II.   Conspiracy to Violate RICO

Section 1962(d) of RICO makes it "unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."   Defendants argue that the RICO conspiracy claim fails because the substantive RICO claims is deficient.

Although the Eighth Circuit has not directly addressed this issue, other courts have determined that "[a]ny claim under section 1962(d) based on conspiracy to violate the other subsections of section 1962 necessarily must fail if the substantive claims are themselves deficient."   Lum v. Bank of Am., 361 F.3d 217, 227 n.5 (3d Cir. 1993) (citation and internal quotation marks omitted), abrogated on other grounds by Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); see Howard v. Am. Online Inc., 208 F.3d 741, 751 (9th Cir. 2000); Nat'l Org. for Women, Inc., v. Scheilder, 968 F.2d 612, 630 (7th Cir. 1992).   The court finds the logic and analysis of these cases persuasive.

In the present action, the court has already determined that plaintiff's substantive RICO claim fails. Therefore, dismissal of the conspiracy to violate RICO claim is warranted.

## III. Civil Conspiracy

Civil conspiracy "involves a combination of persons to accomplish either an unlawful purpose or a lawful purpose by unlawful means." Anderson v. Douglas Cnty., 4 F.3d 574, 578 (8th Cir. 1993) (citing Harding v. Ohio Cas. Ins. Co., 41 N.W.2d 818, 824 (Minn. 1950)). "To establish a civil conspiracy, plaintiffs must show five elements: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful overt acts; and (5) damages as the proximate result of the conspiracy." In re TMJ Implants Prods. Liab. Litig., 113 F.3d 1484, 1498 (8th Cir. 1997) (citations omitted). "Under Minnesota law, 'a civil conspiracy claim is ... a vehicle for asserting vicarious or joint and several liability,[2] and hence such a 'claim' is dependent upon a valid underlying tort claim.'" Bank of Montreal v. Avalon Capital Grp., Inc., 743 F. Supp. 2d 1021, 1033 (D. Minn. 2010) (quoting Carlson v. A.L.S. Enters., Inc., No. 07-3970, 2008 WL 185710, at *5 (D. Minn. Jan. 18, 2008)). Deceptive trade practices may constitute a valid underlying tort

---

[2] At oral argument defendants verbally stipulated to joint and several liability.

claim.  See Damon v. Groteboer, No. 10-92, 2011 WL 886132, at *4 (D. Minn. Mar. 14, 2011).

Defendants argue that dismissal of the civil conspiracy claim is warranted because the claim is inadequately pleaded.  The court agrees.  Great Northern alleges that "[d]efendants have combined with one or more of each other and acted in concert with the common purpose of infringing Plaintiff's trademarks and committing tortious acts against Plaintiff."  Compl. ¶ 64.  This bare, conclusory assertion combined with the allegation that Larsen is an owner, shareholder or director of the codefendants and that defendants use the same telephone number is insufficient to plead a "meeting of the minds" among the defendants.  See In re TMJ Implants, 113 F.3d at 1498.  Therefore, dismissal of this claim is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the defendants' motion to dismiss [ECF No. 2] is granted.

Dated:  April 3, 2012

s/David S. Doty
David S. Doty, Judge
United States District Court